**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 06-5094

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

MARK BELLAMY, a/k/a Big Mark,

                                        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  C. Weston Houck, Senior District
Judge.  (4:03-cr-00474)

———————————

Submitted:  August 3, 2007          Decided:  August 16, 2007

———————————

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

———————————

Remanded by unpublished per curiam opinion.

———————————

Daphne A. Burns, DAPHNE A. BURNS, L.L.C., Mount Pleasant, South
Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, Columbia, South Carolina, Alfred William Walker Bethea,
Jr., Assistant United States Attorney, Florence, South Carolina,
for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Bellamy seeks to appeal his sentence entered upon resentencing. In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on July 27, 2006. Bellamy filed the notice of appeal on September 6, 2006, after the ten-day period expired but within the thirty-day excusable neglect period.[*] Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the limited purpose of permitting the court to determine whether Bellamy has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

---

[*]The envelope in which the notice was mailed was postmarked September 6, 2006. Under the "mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988), a document is deemed filed by a prisoner when it is delivered to prison officials for mailing.

- 2 -